Coleman stipulated to his prior drug conviction, which was included solely to elevate the degree of the offense. He did not testify at trial. The prosecutor overstepped the bounds of closing argument when she summed up as follows:
 * * * The facts are the gun, the facts are the drugs, the facts are the money, the facts are the money is on him, the facts are the car is his, the gun is in his car, and the drugs are transported in his car. That's all you need.
 Don't forget that he's got a prior conviction for drug trafficking, too.
The Ohio Supreme Court has held that, "an accused cannot be convicted of one crime by proving he committed other crimes or is a bad person." State v. Jamison (1990), 49 Ohio St.3d 182, 18,552 N.E.2d 180, 183. The effect of the prosecutor's comments was to invite the jury to consider Coleman's prior drug trafficking as proof that he acted in conformity with his prior act. Even if they were innocently made in the excitement of trial, the comments gave rise precisely to the inference that Evid.R. 404 prohibits.
We have no way of knowing if the jurors took the prosecutor at her word and considered Coleman's prior conviction as evidence of guilt in this trial. Whether the prosecutor's comments did not substantially affect the outcome of the trial so as to render the error harmless is less than certain. See State v. Slagle (1992),65 Ohio St.3d 597, 605 N.E.2d 916. Here, the evidence for conviction was based on an inference of constructive possession. As the majority has observed, no drugs and only an undetermined amount of money were found on Coleman's person. It is not at all clear that the jury would have convicted him solely on this evidence. Regardless of whether Coleman's counsel objected, this is classic plain error. Crim.R. 52(B). I would reverse the judgment and remand for a new trial.